NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MATTHEW DYLAN HENDRICKS, <br><br> Defendant - Appellant. | No. 23-2240 <br><br> D.C. No. 2:22-cr-00175-TOR-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted September 12, 2024[**]
Seattle, Washington

Before: CHRISTEN and SUNG, Circuit Judges, and RAKOFF, District Judge.[***]

Matthew Dylan Hendricks appeals the district court's denial of his motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

suppress evidence.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's denial of the suppression motion, and we review for clear error its factual findings. *United States v. Ramirez*, 976 F.3d 946, 951 (9th Cir. 2020). We affirm.

The district court correctly determined that the government's warrantless search of Hendricks' clutch was a valid search incident to arrest.[2] "[A] search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." *United States v. Robinson*, 414 U.S. 218, 224 (1973). Under this exception, when conducting a lawful arrest, officers may search the arrestee's person, including personal property that could be characterized as "an element of [arrestee's] clothing[.]" *United States v. Passaro*, 624 F.2d 938, 944 (9th Cir. 1980) ("[T]he wallet found in the pocket of [arrestee] was an element of his clothing, his person, which is, for a reasonable time following a legal arrest, taken out of the realm of protection from police interest.").

Because Hendricks' clutch was attached to his clothing with a carabiner and was concealed underneath his zipped jacket, it was associated with his person. *See id.* Further, because Hendricks' clutch was attached to and concealed under his

---

[1] Hendricks' plea agreement preserves his right to appeal the denial of the suppression motion. *See, e.g.*, *United States v. Estrella*, 69 F.4th 958, 964 (9th Cir. 2023).

[2] Hendricks does not dispute the lawfulness of his arrest.

clothing, it was on his person, not merely within his immediate control. *See United States v. Monclavo-Cruz*, 662 F.2d 1285, 1290 (9th Cir. 1981) (discussing distinction between wallet in arrestee's pocket and purse held in arrestee's hand or on their lap).[3] Finally, because the officer detached the clutch from Hendricks' clothing and searched it only a few seconds later, while another officer continued patting Hendricks down, no intervening circumstances removed the clutch from the scope of the lawful search incident to arrest. *See Robinson*, 414 U.S. at 223 (upholding search of cigarette pack where officer "reached into [arrestee's] pocket and pulled out the object," "opened the cigarette pack," and "continued his search of [arrestee] to completion").

Hendricks also argues that the search was unlawful because his clutch was zipped shut. We disagree. During a search incident to arrest, officers may open containers found on the arrestee's person because arrestees have reduced privacy interests in such items. *Id.* at 236 ("Having in the course of a lawful search come upon the crumpled package of cigarettes, [the officer] was entitled to inspect it."). Hendricks does not identify any authority establishing that police cannot open a

---

[3] Hendricks relies primarily on *United States v. Knapp*, 917 F.3d 1161, 1168 (10th Cir. 2019). *Knapp* is an out-of-circuit case that is not binding precedent. Moreover, *Knapp* distinguished between searches of "the arrestee's immediate person, worn clothing, or *containers concealed under or within [his] clothing*," which are included in searches of the person, from "visible containers in an arrestee's hand[.]" 917 F.3d at 1167 (emphasis added). Here, it is undisputed that Hendricks' clutch was concealed underneath his jacket.

zipped container under such circumstances.

**AFFIRMED.**